IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALEXANDER MENDONSA, § | | |
| TDCJ-CID No. 02117007, § | | |
| § | | |
| Plaintiff, § | | 2:24-CV-261-BR |
| § | | |
| v. § | | |
| § | | |
| DUSTIN ZIMMERMAN, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and (6) (the "Motion"). (ECF 16). For the reasons stated below, the Magistrate Judge recommends that the Motion be GRANTED in part and DENIED in part.

**I. FACTUAL BACKGROUND[1]**

Mendonsa claims that, on June 23, 2023, a group of officers, including Defendants Dustin Zimmerman, Andres Delgado-Hernandez, Israel Barajas Espinosa, Emin Abedinovic, Officer Tiffin and Sgt. Sampson beat him in his cell, after Mendonza told Delgado to "chill out" because he wanted to put his shoes on before complying with Delgado's orders. (ECF 3 at 4; 10 at 3, 6). Defendants ask the Court to dismiss the Complaint against them in their official capacity, pursuant to Fed. R. Civ. P. 12(b)(1). In addition, Defendants Zimmerman and Espinosa ask the Court to dismiss the excessive force claims against them pursuant to Fed. R. Civ. P. 12(b)(6). Mendonsa did not respond to the Motion.

---

[1]These background facts are taken from Plaintiff's Complaint (ECF 3) and questionnaire responses (ECF 10) and are assumed to be true for the purpose of evaluating the merits of Defendants' Motion.

## II. LEGAL STANDARDS

### A.	Rule 12(b)(1).

A court may dismiss a complaint for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The Court should grant a 12(b)(1) motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts that would entitle him to recovery. *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017). The party invoking the Court's jurisdiction bears the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### B.	Rule 12(b)(6).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not establish facial plausibility. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 557). In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim*

*v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

The Court also is mindful it "must construe the pleadings of *pro se* litigants liberally … to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). "But 'liberal construction does not require that the Court ... create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### III. LEGAL ANALYSIS

**A.      Rule 12(b)(1): Eleventh Amendment.**

Mendonsa's claim for monetary damages against Defendants in their official capacity is without merit in that it is simply another way of suing the TDCJ, and, therefore, the State of Texas. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."). As a sovereign entity, a state may not be sued without its consent. Therefore, under the Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).[2]

---

[2] Sovereign immunity does not apply to state officials sued in their individual capacity.

Suits for monetary damages against a state official in his official capacity cannot succeed under Section 1983. *See Almond v. Tarver*, 468 F. Supp.2d 886, 892-95 (E.D. Tex. 2006) (collecting authorities and holding that claim against state official in his official capacity was barred by sovereign and Eleventh Amendment immunities). In addition, state officials acting in their official capacity are not "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, the claim for monetary damages against Defendants in their official capacity should be dismissed without prejudice pursuant to Rule 12(b)(1).

**B.     Rule 12(b)(6): Failure to State a Claim.**

**1.     Qualified Immunity.**

Defendants Zimmerman and Espinosa seek to dismiss Mendonsa's claims against them based upon their affirmative defense of qualified immunity. Once qualified immunity is asserted, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam), *citing Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). "When a defendant asserts a qualified-immunity defense in a motion to dismiss, the court has an obligation to carefully scrutinize [the complaint] before subjecting public officials to the burdens of broad-reaching discovery." *Longoria v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263-64 (5th Cir. 2019). A complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to plead facts allowing the reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court accepts all well-pleaded facts as true and in a light favoring the plaintiff, the Court does not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v.*

*Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted).

"Qualified immunity is a two-step process. The first [step] asks whether the defendant violated the plaintiff's constitutional rights. The second step adds the protection for the defendant that liability attaches only if the right was clearly established" at the time the violation occurred. *Sims v. City of Madisonville*, 894 F.3d 632, 638 (5th Cir. 2018). Defendants Zimmerman and Espinosa contend that Mendonsa fails to meet the first prong of the qualified immunity process, in that he fails to allege their personal involvement in the excessive force used.

### 2. Excessive Force Claims.

It is clearly established that prison staff cannot cause the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). The "core judicial inquiry" into a plaintiff's claim of excessive force under the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Martin v. Seal*, 510 F. App'x 309, 312 (5th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Minimal uses of force that do not rise to a level "repugnant to the conscience of mankind" do not state a constitutional violation. *Id*. at 10 (citing *Whitley*, 475 U.S. at 327). The inquiry has two components: 1) an objective component that focuses on whether the alleged wrongdoing was nontrivial and harmful enough to violate the constitution; and 2) a subjective component that focuses on the mental state of the alleged wrongdoer. *Hudson*, 503 U.S. at 7-8. However, central to nearly all Section 1983 claims is the personal involvement of the defendant.

To successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate facts that illustrate the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Personal involvement entails some causal nexus between the defendant's individual conduct and the constitutional violation. *Douthit v. Jones*, 641

F.2d 345, 346 (5th Cir. 1981). An individual's mere ratification of or acquiescence to another person's conduct is insufficient to establish personal involvement. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Zimmerman and Espinosa assert that Mendonsa has not stated an excessive force claim against them because he has not alleged facts showing their personal involvement. As to Zimmerman, Mendonsa states that he "cannot 100% say exactly what Zimmerman did personally but I do know he was in the cell when I got jumped on …." (ECF 10 at 2). As to Espinosa, Mendonsa alleges that Espinosa opened the cell door without strip searching and cuffing him, and further stating "he was in the cell? Maybe?" (*Id*. at 8).[3] Mendonsa further states in his questionnaire responses that Abedinovic, Hernandez, Tiffan and Sampson were specifically involved in the use of force, but alleges no facts showing that Zimmerman or Espinosa were actively involved. (ECF 10). The Court agrees that Mendonsa has failed to allege an excessive force claim against Zimmerman and Espinosa because he asserts no facts showing their personal involvement in the use of force.

Construing the Complaint liberally, however, Mendonsa has stated a viable claim of failure to render aid against Zimmerman and Espinosa. To properly allege a bystander liability claim, Mendonsa must show that Zimmerman "(1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a

---

[3] To the extent Mendonsa attempts to allege a cause of action based on Espinosa's purported failure to follow TDCJ rules, such claim fails. An assertion that officials failed to follow prison rules or policies does not state a constitutional claim. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) (citing *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989)); *see also Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam). TDCJ's policies, internal rules and regulations, standing alone, do not create federally protected rights. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995); *Jackson*, 864 F.2d at 1251-52 ("A state's failure to follow its own procedural regulations does not establish a violation of due process, because constitutional *minima* may nevertheless have been met." (internal quotation omitted)).

reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020). Mendonsa alleges that Zimmerman was in the cell when the other officers jumped on him and began hitting and kicking him, and "watched and didn't stop it." (ECF 10 at 2). He further alleges that Espinosa "watched me get beat while in cuffs, not resisting, and he didn't stop it." (*Id.* at 8). It is plausible at this stage of the proceedings to allege that an officer in the same cell as the use of force, or standing at the open door, and watching the use of force would have a reasonable opportunity to prevent the harm and did not do so. Therefore, Mendonsa has stated a valid bystander liability claim against Zimmerman and Espinosa. Any excessive force claim against Zimmerman and Espinosa should be dismissed, but the bystander liability claim should remain.[4]

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that Defendants' Motion to Dismiss be GRANTED pursuant to Rule 12(b)(1) as to monetary damages sought against them in their official capacity, and GRANTED pursuant to Rule 12(b)(6) as to the claims of excessive force against Zimmerman and Espinosa, and DENIED on all other grounds.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 21, 2025.

---

[4]Because Zimmerman and Espinosa seek to dismiss only the excessive force claim, the fact that Mendonsa did not respond to provide clearly established law to support his bystander liability claim is irrelevant for the purposes of this Motion.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).