IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ALEXANDER MENDONSA, | |
| Plaintiff, | |
| v. | 2:24-CV-261-Z-BR |
| DUSTIN ZIMMERMAN, *et al.*, | |
| Defendant. | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to grant in part and deny in part Defendants' Motion to Dismiss (ECF No. 16). ECF No. 19. An Objection to the FCR has been filed. ECF No. 21. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED**. Defendants' Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(1) as to monetary damages sought against them in their official capacity, **GRANTED** pursuant to Rule 12(b)(6) as to the claims of excessive force against Zimmerman and Espinosa, and **DENIED** on all other grounds.

**LEGAL STANDARD**

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). For these timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate

Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The Magistrate Judge filed her FCR on October 21, 2025. ECF No. 19. Plaintiff sent a Motion to Extend Time for Filing (ECF No. 20) on November 4, 2025, which was received by the Court on November 7, 2025. The Court **GRANTS** Plaintiff's Motion to Extend Time for Filing (ECF No. 20). Similarly, Plaintiff's Objection (ECF No. 21) was also mailed on November 4, 2025, and received by the Court on November 7, 2025. Because Plaintiff's Objection was timely when mailed, this Court determines de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

Plaintiff does not appear to make any specific objections to the Magistrate Judge's FCR. *See generally* ECF No. 21 (merely rehashing previous complaints and stating that he "do[es] know he was in the cell when [he] got jumped on," as "just because someone cannot remember specifics does not mean that the actions did not occur"). Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Plaintiff's statements fail to assert specific objections, Plaintiff's Objection is **OVERRULED**.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that

the FCR of the Magistrate Judge is **ADOPTED**. Defendants' Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(1) as to monetary damages sought against them in their official capacity, **GRANTED** pursuant to Rule 12(b)(6) as to the claims of excessive force against Zimmerman and Espinosa, and **DENIED** on all other grounds.

**SO ORDERED**.

November 14, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE